IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID GICHNER, *et al.*,  *

    Plaintiffs, *

v. *     Civil Action No. RDB-18-1071

ARVINMERITOR, INC., *et al.*, *

    Defendants. *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiffs David Gichner and Carol Gichner (collectively, "Plaintiffs") brought this asbestos products liability case against twenty-six (26) named Defendants, including Mercedes-Benz USA, LLC ("Mercedes"), in the Circuit Court for Baltimore City. On April 12, 2018, Mercedes removed the case to this Court. (Notice of Removal, ECF No. 31.) Now pending before this Court are Defendant Hale Trailer Brake & Wheel, Inc.'s Motion to Dismiss (ECF No. 43); Defendant Genuine Parts Company's Motion to Dismiss (ECF No. 47); Mercedes' Motion to Dismiss (ECF No. 57); Defendant Arvinmeritor, Inc.'s Motion to Dismiss (ECF No. 61); Defendant Maremont Corporation's Motion to Dismiss (ECF No. 62); Defendant Redneck, Inc.'s Motion to Dismiss (ECF No. 81); Genuine Parts Company's Motion to Dismiss All Cross-Claims (ECF No. 102); and Plaintiffs' Motion to Dismiss without Prejudice (ECF No. 87), which was filed after the Motions to Dismiss of the various Defendants. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, Plaintiffs' Motion to Dismiss without Prejudice (ECF No. 87) is GRANTED. Accordingly, all other pending Motions are DENIED AS

1

MOOT.

The pending Motion to Dismiss without Prejudice (ECF No. 87) seeks the dismissal of this case without prejudice pursuant to Rule 41(a)(2), stating that the there is an intent "to re-evaluate the defendants at issue in this litigation." (ECF No. 87-1.) While the Motion to Dismiss was pending, Plaintiff David Gichner passed away. (Suggestion of Death, ECF No. 155.) The parties have confirmed that of all the Defendants in this case, only Mercedes has opposed the Motion to Dismiss without Prejudice (ECF No. 87). It argues that it would be prejudiced by dismissal because it has incurred expenses by removing this action to federal court and filing a Motion to Dismiss. (ECF No. 107.) Additionally, Mercedes derides Plaintiffs' justification for dismissal as a "sham," inviting this Court to speculate that Plaintiffs intend to re-file this action in state court and join a non-diverse Defendant. (*Id.*)

Under Federal Rule of Civil of Procedure 41(a)(2), a plaintiff may voluntarily dismiss an action without prejudice at any time with the court's approval. This rule's purpose is to freely "allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). A plaintiff's motion for voluntary dismissal should be granted unless there is "plain legal prejudice to the defendant." *Ellett Bros. v. Us. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). Neither the "the prospect of a second lawsuit" nor "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation" constitutes prejudice to the defendant. *Davis*, 819 F.2d at 1274-75.

In assessing a Rule 41(a)(2) motion, district courts apply a non-exclusive, four-factor test. These factors include: "(1) the opposing party's effort and expense in preparing for trial;

(2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a motion for summary judgment is pending." *Wilson v. Eli Lilly and Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (internal quotation marks and citations omitted). Applying these factors, this Court has previously permitted dismissal notwithstanding pending motions to dismiss. *See Zhang v. Fischer, et al.*, DKC-15-0991, 2015 WL 3932383 (D. Md. 2015) ("[T]he mere fact that Defendants moved to dismiss or for summary judgment does not provide a basis for refusing to dismiss without prejudice.").

Applying these factors, dismissal is warranted in this case because (1) Mercedes has not incurred significant expenses by merely removing this case from state court and filing a motion to dismiss; (2) Plaintiffs moved to dismiss this case only two weeks after this case was removed to federal court; (3) Plaintiffs' desire to re-assess the defendants in this case, as well as the recent death of David Gichner, provides an adequate basis for dismissal without prejudice; and (4) the litigation has not advanced past the motion-to-dismiss stage. Even if Mercedes correctly speculates that Plaintiff Carol Gichner intends to re-file this case in state court and add non-diverse defendants to keep it there, this "prospect of a second lawsuit" in state court cannot amount to prejudice. *Ellett Bros.*, 275 F.3d at 388.

For these reasons, it is HEREBY ORDERED this 1st day of March, 2019 that:

1. Defendant Hale Trailer Brake & Wheel, Inc.'s Motion to Dismiss (ECF No. 43) is DENIED AS MOOT;

2. Defendant Genuine Parts Company's Motion to Dismiss (ECF No. 47) is DENIED AS MOOT;

3. Defendant Mercedes' Motion to Dismiss (ECF No. 57) is DENIED AS MOOT;

4. Defendant Arvinmeritor, Inc.'s Motion to Dismiss (ECF No. 61) is DENIED AS MOOT;

5. Defendant Maremont Corporation's Motion to Dismiss (ECF No. 62) is DENIED AS MOOT;

6. Defendant, Redneck, Inc.'s Motion to Dismiss (ECF No. 81) is DENIED AS MOOT;

7. Plaintiff's Motion to Dismiss without Prejudice (ECF No. 87) is GRANTED;

8. Genuine Parts Company's Motion to Dismiss (ECF No. 102) is DENIED AS MOOT; and

9. The Clerk of this Court shall CLOSE this Case.

*Richard D. Bennett*
Richard D. Bennett
United States District Judge